Argued September 27, affirmed November 1, reconsideration denied December 8, 1976, petition for review allowed May 24, 1977
See later issue of Oregon Reports

PETERSEN et al, *Appellants,*

*v.*

MAYOR AND COUNCIL OF THE CITY OF KLAMATH FALLS, *Respondents.*

(No. 74-515 E, CA 5665)

555 P2d 801

*Henry R. Richmond, III,* Portland, argued the cause and filed the briefs for appellants.

*B. J. Matzen,* Klamath Falls, argued the cause and filed the brief for respondents Mayor and Council of the City of Klamath Falls.

*William P. Brandsness,* Klamath Falls, filed a brief for respondents Alan W. Bowker and Melvin L. Stewart.

*Blair M. Henderson,* Klamath Falls, argued the cause and filed the brief for respondents Everett L. Leach and Wayne M. Cole.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Plaintiffs appeal from a circuit court order upholding a City of Klamath Falls ordinance which annexed 141 acres of land to the city. The principal question raised is whether certain land-use control provisions of ORS ch 197 apply to annexations.

Defendants Bowker, Stewart, Leach and Cole own various parcels which together constitute the 141 acres in question. They proposed an annexation of the land to the City of Klamath Falls. After hearings, at which plaintiff Petersen appeared, the city council annexed the 141 acres by ordinance. The circuit court upheld the ordinance, and this appeal followed.

Plaintiffs contend that the annexation of land is an exercise of land-use "planning and zoning responsibilities," as that phrase is used in ORS 197.175(1) or, stated differently, that annexations are "actions * * * affecting land use," as that phrase is used in ORS 197.180.[1] Based on this contention, plaintiffs argue that annexations must comply with: (1) the statewide land-use planning goals provided in ORS 215.515;[2] and (2) the procedural requirements which the *Fasano* decision imposes upon "judicial" land-use decisions.[3] Finally, plaintiffs argue that the annexation ordinance in question is invalid because the city council neither considered statewide planning goals nor applied *Fasano* procedures when adopting the ordinance.

These arguments are untenable because the underlying contention is erroneous; annexation itself is not an action affecting land use, much less an exercise of

---

[1] Plaintiffs do not argue that there was noncompliance with the provisions of ORS ch 222 governing annexations.

[2] Plaintiffs actually contend that the Land Conservation and Development Commission's statewide planning goals should apply in cases such as this. However, because the annexation in question occurred prior to the adoption of the goals, the interim goals contained in ORS 215.515 would apply if plaintiffs' arguments are accepted. *See* ORS 197.175(1).

[3] *Fasano v. Washington County Comm.,* 264 Or 574, 507 P2d 23 (1973).

judicial planning or zoning responsibilities. The nature of annexation is disclosed by an examination of ORS chs 222 and 227. ORS 222.111(1) provides that

"* * * the boundaries of any city may be extended by the annexation of territory not then within a city and which territory is contiguous to the city * * *."

Annexation, then, is a process of boundary extension, not of determining land uses.[4] This conclusion is reinforced by the language of ORS 227.310:

"City zoning regulations originally inapplicable to any area not within a city shall, upon inclusion of the area in the city, continue so inapplicable until applied by the city."[5]

We read this statute to mean that annexation itself has no effect on the land-use designations which apply to annexed land. This would be true even if the annexed land was unzoned, because city zoning regulations would "continue [to be] inapplicable."[6] By

---

[4] See Water, Park & Rec. Dist. v. City, 8 Or App 290, 294, 492 P2d 812, 814, Sup Ct review denied (1972) (annexation "means the incorporation of land within the boundaries of a city or district"). In other words, the process of annexation may determine which local governmental body makes land-use decisions regarding certain land, but it will not determine what those decisions will be. There are some consequences of annexation which are not concerned solely with the placement of jurisdictional boundaries (see, e.g., ORS 222.111(2), which concerns taxation of annexed property), but these consequences are irrelevant here because they do not concern the uses to which land can be put.

[5] For the purposes of analyzing legislative intent, we have quoted ORS 227.310 as it was amended in 1975. Oregon Laws 1975, ch 767, § 13, p 2144. Our analysis would not be altered if the statute had not been changed since the date of the annexation in question. At that time, ORS 227.310 stated:

"Zoning or land use ordinances or zoning regulations applicable to any area not within a city shall not cease to apply to the area merely because such area is later included within a city, but shall continue to apply until altered or discontinued by the legislative body of the city in a manner provided by law."

We believe both versions of ORS 227.310 have the same purpose. By amending the statute to make land-use classifications of the annexing entity inapplicable, rather than preserving the validity of preannexation classifications, the legislature apparently sought to merely clarify the status of annexed land which has never had a classification.

[6] This may have not been true under the pre-1975 version of ORS 227.310. See note 5, supra. However, since there was a county zone classification applicable to the land annexed in this case, the point is not crucial. The 1975 amendment nonetheless reveals the strength of the legislature's intent to not have annexations affect land-use designations in any way.

expressly differentiating between annexation and land-use activities in this manner, the legislature has indicated that boundary extension alone cannot affect the uses to which land can be put.

■ The real thrust of plaintiffs' argument is that the city is likely to rezone the property in question, and that when it does so, even though it follows the various statutory and judicial requirements, it may not reach a result desired by plaintiffs. As a generalization, it is not the business of courts to prescribe administrative procedures on the basis of the result they are likely to produce.

Affirmed.