Argued June 9, reversed July 20, 1977

PETERSEN et al, *Petitioners,*
*v.*
MAYOR AND COUNCIL OF THE
CITY OF KLAMATH FALLS et al, *Respondents.*
(No. CA 5665, SC 25231)

566 P2d 1193

Henry R. Richmond, III, Portland, argued the cause and filed a brief for petitioners.

B. J. Matzen, Klamath Falls, argued the cause for respondents Mayor and Council of City of Klamath Falls; William P. Brandsness, Klamath Falls, argued the cause for respondents Bowker and Stewart. No appearance by Blair Henderson, Klamath Falls, for respondents Leach and Cole.

William P. Hutchison, Jr., Portland, filed an amicus curiae brief for Northwest Environmental

Defense Center. James A. Redden, Attorney General, Peter S. Herman, Senior Counsel, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, filed an amicus curiae brief for Land Conservation and Development Commission.

HOWELL, J.

**HOWELL, J.**

This is a petition for review of a decision of the Court of Appeals (27 Or App 225, 555 P2d 801 (1976)), which held that ORS 197.175(1) did not apply to city annexations and, therefore, that the City of Klamath Falls was not required to consider the statewide land use planning goals of ORS 215.515 and was not required to comply with the procedural requirements of *Fasano v. Washington County Comm.,* 264 Or 574, 507 P2d 23 (1973), when enacting this relatively small tract annexation ordinance.[1] Petitioner Petersen filed a writ of review in circuit court to challenge the ordinance in question in this case and appealed to the Court of Appeals when the ordinance was upheld. We granted review of the decision of the Court of Appeals in order to consider whether a city's decision to annex land outside its existing borders is an exercise of the city's "planning * * * responsibilities" within the meaning of ORS 197.175(1) and whether the procedural requirements of *Fasano* apply to such annexation decisions.

ORS 197.175(1) requires cities to exercise their planning functions in accordance with the interim land use planning goals of ORS 215.515 and the statewide planning goals and guidelines adopted by the Land Conservation and Development Commission (LCDC):

> "Cities and counties shall exercise their planning and zoning responsibilities in accordance with ORS 197.005 to 197.430, 215.055, 215.510, 215.515, 215.535 and 469.350 and the state-wide planning goals and guidelines approved under ORS 197.005 to 197.430, 215.055, 215.510, 215.515, 215.535 and 469.350."

---

[1] The property in question consists of approximately 141 acres which is held by the four individual defendants. Proponents of the annexation seek to establish a 55-acre mobile home park and an 86-acre subdivision of half-acre lots. Apparently, the 141 acres is currently in agricultural use, although the present zoning would permit some more intensive uses. The property is connected to the city by means of a 2½ mile corridor along a railroad right-of-way.

However, the Court of Appeals concluded that a city annexation "is not an action affecting land use, much less an exercise of judicial planning or zoning responsibilities," 27 Or App at 227-28. On that basis it held that annexations did not have to comply with ORS 197.175(1). In reaching this conclusion, the Court of Appeals relied heavily on the fact that although an annexation extends the city boundaries, it does not automatically change the applicable zoning regulations because of the provisions of ORS 227.310:[2]

> "City zoning regulations originally inapplicable to any area not within a city shall, upon inclusion of the area in the city, continue so inapplicable until applied by the city."

Apparently, the Court of Appeals read into ORS 227.310 a legislative intent to differentiate between annexation decisions and land use activities which have a more immediate impact on land use designations, such as the adoption of zoning ordinances. It then construed ORS 197.175(1) in light of that interpretation so as to exclude annexations from the coverage of that statute.

We disagree with this construction of these statutes, for we believe that if the legislature had desired to limit the application of ORS 197.175(1) to activities which have an immediate effect on land use designations, it would have chosen language more apt for that purpose. The phrase actually employed in ORS 197.175(1)—"planning and zoning responsibilities"— seems to encompass not only local planning decisions which relate to immediate land use objectives but also planning decisions which relate to the uses to which

---

[2] As the Court of Appeals noted, 27 Or App at 228, n. 5, the version of ORS 227.310 which was in effect at the time of this annexation was not materially different in this respect. Prior to its amendment in 1975, ORS 227.310 stated:

> "Zoning or land use ordinances or zoning regulations applicable to any area not within a city shall not cease to apply to the area merely because such area is later included within a city, but shall continue to apply until altered or discontinued by the legislative body of the city in a manner provided by law."

that land will be put in the future. Moreover, we believe that our interpretation is more consistent with the general tone and tenor of Chapter 197 as expressed in the statements of findings and policy in ORS 197.005 and 197.010. Chapter 197 is not concerned solely with the determination of present land uses. It is at least equally, and perhaps more importantly, concerned with intermediate and long-term land use objectives. *See also* ORS 215.515(1). Annexation decisions are inextricably involved with intermediate and long-term land use objectives, for such decisions will control the future growth and development of our urban areas.

■   In our view, our interpretation of ORS 197.175 also is more consistent with the internal structure of that statute than the interpretation adopted by the Court of Appeals. If subsection (1) of ORS 197.175 is construed as narrowly as the Court of Appeals would read it, nearly all of subsection (2) of that statute becomes a mere repetition of the requirements of subsection (1).[3] In order to give effect to both portions of ORS 197.175,[4] we believe that subsection (1) must be read to include a broader category of local land use planning responsibilities than those included in subsection (2). In other words, the exercise of "planning and zoning responsibilities" must be read to refer not only to the preparation of comprehensive plans and the enactment of zoning and other ordinances to implement those plans but also to other local planning

---

[3] ORS 197.175(2) provides:

"Pursuant to ORS 197.005 to 197.430, 215.055, 215.510, 215.515, 215.535 and 469.350, each city and county in this state shall:

"(a) Prepare and adopt comprehensive plans consistent with state-wide planning goals and guidelines approved by the commission; and

"(b) Enact zoning, subdivision and other ordinances or regulations to implement their comprehensive plans."

[4] *See* ORS 174.010:

"In the construction of a statute, * * * where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

activities which will have a significant impact on present or future land uses, such as the decision to extend city boundaries by annexation.

■ This interpretation is also consistent with ORS 227.090, which defines city planning commission power and duties to include the power to:

> "(2) Recommend to the council and other public authorities plans for regulating the future growth, development and beautification of the city in respect to its public and private buildings and works, streets, parks, grounds and vacant lots, and plans consistent with future growth and development of the city in order to secure to the city and its inhabitants sanitation, proper service of public utilities, including appropriate public incentives for overall energy conservation and harbor, shipping and transportation facilities."

It is apparent from this statute that the legislature views plans for the regulation of the future growth and development of cities as part of the cities' overall planning responsibilities. Since the extension of city boundaries by annexation is the process for implementing such planning decisions by city governments, we believe that the annexation process qualifies as an "exercise of their planning * * * responsibilities." ORS 197.175(1).

■■ In this same connection we also note that ORS 215.515, which establishes the statewide interim goals, provides that one of the interim goals for state and local planning shall be:

> "(e) To provide for an orderly and efficient transition from rural to urban land use."

The urbanization portion of the LCDC goals and guidelines establishes the same goal, relating to providing for an orderly and efficient transition to urban land use, and the accompanying guidelines identify annexation as a means to implement that planning goal. We further note that ORS 197.300(1)(d) extends to the LCDC the authority to review "any * * * ordinance or regulation alleged to be in violation of state-wide planning goals approved under ORS

197.240 or interim goals specified in ORS 215.515." Thus, the LCDC has the authority to review local ordinances which relate to activities designated in the statewide planning goals and to determine if such ordinances are in violation of those goals. Because annexation ordinances relate directly to the Urbanization Goal, they clearly appear to be subject to LCDC review under this statute. Therefore, since LCDC has the authority to review annexation ordinances for compliance with the Urbanization Goal, as well as any other applicable goals,[5] it is only logical to conclude that such ordinances must be enacted in accordance with the applicable planning goals in the first place.

■ In light of these considerations, we hold that annexation decisions like this one fall within the statutory category of "planning * * * responsibilities" which cities must exercise in accordance with the applicable statewide planning goals pursuant to ORS 197.175.[6]

■ Moreover, since the consideration of these statewide goals and the determination that a particular annexation proposal does or does not comply with those goals necessarily involves the application of general standards to a specific situation and to specific

---

[5] In addition to the Urbanization Goal, it appears that the Agricultural Lands Goal may be applicable as well under the facts of this case.

[6] We also note that that which we find implicit in ORS 197.175 has recently been made explicit by the legislature. The 1977 amendments to ch. 197, which are contained in Senate Bill 570, have added the following italicized language to subsection (1) of ORS 197.175 and deleted the material in brackets:

"197.175 (1) Cities and counties shall exercise their planning and zoning responsibilities, *including, subject to subsection (2) of ORS 197.275, the annexation of unincorporated territory pursuant to ORS 222.111 to 222.750 and the formation of and annexation of territory to any district authorized by ORS 198.010 to 198.915 or 451.010 to 451.600,* in accordance with ORS 197.005 to 197.430, 215.055, [215.510,] 215.515 [, 215.535] and 469.350 and the state-wide planning goals [and guidelines] approved under ORS 197.005 to 197.430, 215.055, [215.510,] 215.515 [, 215.535] and 469.350."

(Essentially, subsection (2) of ORS 197.275 now provides that if a comprehensive plan has been approved by the LCDC, the planning goals will generally be applicable only through that comprehensive plan.)

individuals, we conclude that such a decision is quasi-judicial in nature. *See Green v. Hayward,* 275 Or 693, 552 P2d 815 (1976); *Fasano v. Washington County Comm., supra; Auckland v. Board of Comm.,* 21 Or App 596, 536 P2d 444 (1975). Of course, we recognize that the broader issues involved in reaching final decisions on whether the land proposed for annexation should, in fact, be annexed to the city, and at what point that action should be taken, may cloak those ultimate decisions with a character which is more legislative than judicial. *See Griffin v. City of Roseburg,* 255 Or 103, 464 P2d 691 (1970); *Schmidt et al v. City of Cornelius,* 211 Or 505, 316 P2d 511 (1957); 2 McQuillin, Municipal Corporations § 7.10 (3d ed 1966). However, we believe that the initial, threshold determination to be made—whether the proposed annexation is consistent with the statewide planning goals—is a determination which is quasi-judicial in nature. *Compare Millersburg Development Corp. v. Mullen,* 14 Or App 614, 514 P2d 367 (1973). Since the decision is quasi-judicial, the proponents of the annexation must bear the burden of proving that their annexation proposal is in compliance with the applicable planning goals, and the city's decision on that issue must be supported by adequate findings. *Fasano v. Washington County Comm., supra.*

In this case, the record contains no indication that the City of Klamath Falls ever considered the interim planning goals specified in ORS 215.515 when making the annexation decision now before us. *A fortiori,* there are no findings and no statement of reasons which would demonstrate that this annexation proposal complies with those planning goals. Consequently, we have no way to adequately review the decision made by the city council in order to determine whether the proponents of this annexation have carried the burden of demonstrating that their annexation proposal is in accordance with the interim goals. Therefore, we have no choice but to reverse this case for a remand to the city council for a consideration of the applicable

planning goals and the entry of appropriate findings before reaching any new decision on the adoption of an annexation ordinance. Those findings should be sufficient to demonstrate that in reaching its decision the city has considered the relevant planning goals and has applied those general standards to the specific facts of the case before it.[7] The city should also include a statement of the reasons supporting its eventual conclusion that the annexation under consideration is or is not consistent with those standards. *See Green v. Hayward, supra; Fasano v. Washington County Comm., supra; Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). This process will not only facilitate an orderly review of the city's decision on this issue, whatever its ultimate conclusion may be, but it should also benefit the decision-making process at the local level.[8]

Reversed.

---

[7] It appears that any new annexation ordinance would now have to be adopted in accordance with the LCDC goals, rather than in accordance with the interim goals. The LCDC goals were adopted by the LCDC in late 1974, effective January 1, 1975, as required by ORS 197.225. Pursuant to ORS 197.175 (as amended) and ORS 197.250, the adoption of any annexation ordinance must now be done in accordance with the LCDC goals. Therefore, it will probably be necessary on remand for the city to hold another public hearing in order to consider any additional matters which are now relevant under the new goals.

[8] We should like to add, however, that we specifically do not mean to imply that each of the procedural safeguards outlined in *Fasano,* particularly the prohibition on ex parte contacts, necessarily applies to this kind of annexation decision. It is not necessary for us to decide that issue in this case, and the record before us is simply not adequate for that purpose. Moreover, it seems at least possible that an absolute prohibition on ex parte contacts would actually have a greater tendency to inhibit rather than promote the reliability of the local decision-making process, particularly in the context of some of the broader issues involved in making the ultimate decisions on adopting annexation ordinances. *See also Tierney v. Duris, Pay Less Properties,* 21 Or App 613, 536 P2d 435 (1975).