STATE ex rel SPENCER, *Respondent,*
*v.*
HOWE, *Petitioner.*
(TC Miscl 9107, CA 7208, SC 25509)
576 P2d 4

David A. Hilgemann, Salem, argued the cause for petitioner. With him on the brief were Schlegel, Milbank, Wheeler, Jarman & Hilgemann.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief

were James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, Al J. Laue, Assistant Attorney General, and Glenda L. Green, Certified Law Student.

LINDE, J.

## LINDE, J.

Defendant appeals a sentence for contempt imposed by the trial court for his refusal to testify when called as a witness for the prosecution in another case. The issues require description of the proceedings in some detail.

Defendant, who was in the custody of the Corrections Division on an earlier conviction, stated when he was called to the stand that he would not testify. After some urging by the court, he was persuaded to take the oath. In answer to the prosecutor's initial questions he also gave his name and his address, the state penitentiary. After the next question, he told the prosecutor: "I'm not going to answer any of your questions, Mr. Larson." The court directed him to answer. Defendant repeated that he would not answer any questions. The court then had the jury taken from the courtroom and advised defendant as follows:

> THE COURT: Mr. Howe, I don't want any misunderstanding. I've directed you to answer the question. You do not have any legal privilege that I'm aware of to decline to answer, from a legal standpoint. And my interpretation of your refusal is that it is a willful refusal to obey a direction of the Court, in the presence of the Court and in open court. And as such I would be justified then in—and in fact have a duty to punish you for contempt. Whether that concerns you very much or not, I don't know, in view of your present situation.

The court also advised defendant that he did not have to give answers when he did not know or did not remember the facts, but that he could be charged for perjury for giving false answers. Defendant repeated his intention not to answer.

After consulting with the prosecutor about the status of defendant's existing sentence (which had been remanded by the Court of Appeals for resentencing) and about the contempt sentence available under the circumstances, the court asked defendant if his views on testifying remained the same. Defendant

affirmed that they did, because "[i]f I was to give testimony that was damaging to the defendant, then I would be putting my life in jeopardy upon return to the penitentiary." The court responded that he did not believe this would be the case, but it was not a legal justification in any event. After giving defendant another opportunity to change his position, the court sentenced defendant to six months in jail, consecutive to the sentence on his existing conviction. Thereafter, in order "to make a complete record on this contempt matter," the court made additional findings which will be discussed below.

■ On appeal, defendant assigned as error that on this record the sentence exceeds that allowed by ORS 33.020, that defendant was sentenced summarily without representation by counsel when the circumstances did not require such a summary sentence,[1] and that defendant in fact had a privilege not to testify in a manner that might incriminate him in his pending resentencing,[2] though he did not invoke this privilege in the absence of counsel and in the face of the court's statement that he had no privilege. His contentions were rejected by the Court of Appeals, 30 Or App 25, 566 P2d 190 (1977), and he renews the first and the third here. We reverse and remand the case to the trial court.

---

[1] A defendant is entitled to counsel when contempt proceedings are not summary, see ORS 33.040, and before he is compelled to testify when his refusal is based on a claim of possible self-incrimination. ORS 136.617. Defendant points out that without counsel he did not know enough to assert whatever claim he may have had, and the court on its own initiative told him that he had no privilege; but if sentence for contempt had been postponed until after a later hearing, his counsel at that hearing might have been able to show the court that he in fact had a privilege not to answer and had not waived it. We do not pass on this claim or on the question whether summary punishment is properly limited to the need to deal immediately with disruptive behavior, though the contentions raised by this defendant when he did receive counsel illustrate why this may be the better practice.

[2] *State v. Froembling,* 237 Or 616, 391 P2d 390, *cert. denied,* 379 US 937 (1964).

■ Refusal to answer as a witness is defined as contempt of court by ORS 33.010(j). The punishment for contempt may be a fine up to $300 or imprisonment up to six months or both, but with this prerequisite in nondisruptive classes of contempts:

> [I]t must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby before the contempt can be punished otherwise than by a fine not exceeding $100. ORS 33.020(1).

Summary punishment for contempt "in the immediate view and presence of the court" must be based on an order "reciting the facts as occurring in such immediate view and presence" and "determining that the person proceeded against is thereby guilty of a contempt." ORS 33.030.

These sections clearly reflect two important policies. One is a policy to distinguish sharply between the gravity of those acts of contempt that disrupt proceedings or prejudice the "right or remedy" of a party to a proceeding and other acts defined as contempt which do not result in such disruption or prejudice. The second policy is to provide defendants with a show-cause hearing on contempt charges, ORS 33.040, at which a defendant is entitled to representation by his own or, if indigent, by appointed counsel, ORS 33.095, unless the immediate circumstances of the contempt justify summary punishment by the court; and then those justifying circumstances must be recited in the order of the court. ORS 33.030, *supra.* When such recitals are required, the requirement is not a technicality. They serve two purposes. The first and perhaps more important is to assure that the judge or other official will give careful attention to the legal and factual elements of his decision before reaching a judgment.[3] The second is to facilitate appellate review

---

[3]The requirement is more familiar in administrative than in judicial decisions, but the purposes it serves are comparable. *See, e.g., Reynolds v. Children's Services Div'n,* 280 Or 431, 435, 571 P2d 505 (1977); *State ex rel Juvenile Dep't v. Cole,* 280 Or 173, 177, 570 P2d 365 (1977); *Peterson v.*

when the decision is not made on an evidentiary record or when the precise facts and inferences on which the decision was grounded might be in doubt.[4]

In this case the record shows only the following discussion after the court summarily held defendant in contempt:

> THE COURT: Let me do something on the record here. I want to make a complete record on this contempt matter, Mr. Larson. It sticks in my mind that—well, I did in fact make a finding prior to finding the defendant in contempt that his conduct, first, interrupted the due course of a trial and, secondly, involved disobedience of a lawful order of the Court. And third, it tended to impair the authority of the Court and, fourth, was to the prejudice of the administration of justice. And I'm going to ask that your office prepare the order in this matter.
>
> MR. LARSON: I did make a note to myself at the time to do that, Your Honor.
>
> THE COURT: And I think it may be necessary to recite in that order that the Court made these findings, but I'm not sure. But certainly it was apparent all these findings that I made were perfectly apparent and inherent in the situation, and I do so find that the refusal of the witness Howe to answer these questions was to the prejudice of the administration of justice, and specifically to the trial of this matter.
>
> I'm looking for something in the statute that uses that kind of language but I'll rely upon you to see that the appropriate language is in the order.

After consulting the statutes and specifically reading ORS 33.020, *supra,* the court continued:

> Well, this is what I had in mind. And in imposing the sentence I was making a finding—and I reiterate that

*Klamath Falls,* 279 Or 249, 257, 566 P2d 1193 (1977); *Dickinson v. Davis,* 277 Or 665, 673, 561 P2d 1019 (1977); *Green v. Hayward,* 275 Or 693, 706, 552 P2d 815 (1976) (quoting 2 K. C. Davis, Administrative Law Treatise § 16.05, at 444 (1958)).

[4] *See e.g., South of Sunnyside Neighborhood League v. Board of Comm'rs,* 280 Or 3, 22-23, 569 P2d 1063 (1977); *Peterson v. Klamath Falls,* 279 Or 249, 257, 566 P2d 1193 (1977); *Dickinson v. Davis,* 277 Or 665, 673-675, 561 P2d 1019 (1977).

now for the record—that the refusal of the witness Howe was to the prejudice of the right or remedy of the State of Oregon in this proceeding.

Now, I think that takes care of that matter. That's what I had in mind, and I think that language, which is from 33.020, has to appear in the order in order to justify a sentence exceeding a fine of $100. Any questions or suggestions?

. . . .

Well, if in the course of completing that order you think that the record in this case is deficient in any respect, why I want to make it adequate.

The order of contempt thereafter signed by the court merely recited, first, that defendant refused to answer as a witness " in the immediate presence and view of the court, and that by the said refusal the right or remedy of the State of Oregon was defeated and prejudiced," and second, that "it is the finding of the court" that defendant was "in direct contempt" for refusing to answer and "it is the further finding of the court that the refusal of Max Raymond Howe to answer as a witness during said trial defeats and prejudices the rights and remedies of the State of Oregon."

■ It appears from the record that the prosecution simply submitted to the court a form of order that had been used in a prior case. But the mere recital of the formal elements of summary contempt in the words of ORS 33.020 and 33.030 does not meet the statutory purpose. Nothing in the record shows for what object defendant was called as a witness. Nothing shows what questions the prosecution intended to ask him after the first question he refused to answer, which was unenlightening for this purpose. Unless we were to hold that every refusal to answer in court that a court considers unprivileged always defeats one party's "right" *to the answer,* and ipso facto is summary contempt punishable by imprisonment, these pro forma findings do not give any clue what the court determined to be the prejudicial effect of defendant's

refusal. But we do not believe that this alone satisfies the "prejudice" to a party required by ORS 33.020. We do not hold that the refusal to answer or other nondisruptive conduct must be shown to have affected the outcome of the case. But the statute requires the court to find an actual prejudicial effect, specifically focused on the concrete situation in the particular proceeding, before the court imposes contempt punishment exceeding $100 on a nondisruptive defendant, and to do so by explicit findings before it decides to impose any summary punishment.

Accordingly, the sentence imposed on defendant must be vacated. The trial court, having acted summarily without the benefit of argument, has not had the opportunity to consider defendant's other contentions stated at notes one and two above. Since this is an order of contempt rather than a criminal conviction and we do not know what the court may do in view of this opinion and the defendant's circumstances, we think it should have that opportunity in the first instance. The decision of the Court of Appeals is reversed and the case is remanded to the trial court.

Reversed and remanded.