BOARD OF COMMISSIONERS OF
CLACKAMAS COUNTY, *Petitioner,*
*v.*
DEPARTMENT OF LAND CONSERVATION
AND DEVELOPMENT et al, *Respondents.*
(No. 76-008, CA 9470)
582 P2d 59

Keith Kinsman, Assistant County Counsel, Oregon City, argued the cause and filed the brief for petitioner.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent Department of Land Conservation and Development. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

John H. Hammond, Jr., Deputy City Attorney, Sandy, argued the cause and filed the brief for respondent City of Sandy.

No appearance for respondents Charles and Marthe Ruegg, and Otto and Gretta Ourecky.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

The Clackamas County Board of Commissioners seek judicial review of an order of the Land Conservation and Development Commission (LCDC), vacating and remanding an order by the commissioners granting a zone change. We reverse and remand.

The zone change at issue was approved by the County Board of Commissioners on January 22, 1976, and granted to Carmel Estates, Inc., by an order entered February 26, 1976. Carmel Estates had sought the zone change to allow development of a 26.5 acre parcel of land as a shopping center. On March 19, 1976, the City of Sandy filed a petition for review of the order by LCDC under ORS 197.300(1)(b), alleging that the order approving the zone change violated five statewide goals.[1] LCDC vacated the county's order and remanded the matter back to the County Board of Commissioners for additional findings. On judicial review, the Board of Commissioners argue that LCDC lacks jurisdiction to review the zone change and is without the authority to vacate and remand the commissioners' order approving the zone change.

ORS 197.300(1)[1a] authorizes review by LCDC of plans, provisions, ordinances and regulations that the petitioning local governing body considers in conflict with the statewide planning goals. In its order approving the zone change, the Board of Commissioners did not specifically address the issue of compliance with the statewide goals, but did find the zone change to be in compliance with the Clackamas County Comprehensive Plan. Inasmuch, however, as the Clackamas County Comprehensive Plan. Inasmuch, however, as the Clackamas County Comprehensive Plan had not yet been determined by LCDC to be in harmony with statewide planning goals, the issue of

---

[1] Carmel Estates, Inc., and three individuals living in the City of Boring, a city to be served by the proposed development, were allowed to intervene in the proceeding before.

[1a] For text of statute, *see* page 3, *infra.*

the zone change's compliance with the state goals was unresolved. LCDC's opinion states:

> "[T]he proponents of the zone change bear the burden of showing either that the comprehensive plan provision in question complies with the statewide goals *and* that the zone change complies with that comprehensive plan, or that the zone change itself complies with the statewide planning goals. Whichever approach is taken, the county's decision must be supported by adequate findings and a statement of reasons why whose findings support the conclusion reached." (Emphasis in original.)

As no such statement of findings or reasons was included in the county's order, LCDC was unable to determine whether the state goals were properly applied, if applied at all. Accordingly, LCDC vacated the order granting the zone change and remanded it to the County Board of Commissioners for reconsideration.

In its petition for review of the LCDC order, the county first argues that LCDC lacked jurisdiction to review the zone change. At the time this matter arose, pertinent parts of ORS 197.300(1), the jurisdictional statute, read as follows:

> "(1) In the manner provided in ORS 197.305 to 197.315, the commission shall review upon:

> "(a) Petition by a county governing body, a comprehensive plan provision or any zoning, subdivision or other ordinance or regulation adopted by a state agency, city, county or special district that the governing body considers to be in conflict with statewide planning goals approved under ORS 197.240 or interim goals specified in ORS 215.515.

> "(b) Petition by a city or county governing body, a land conservation and development action taken by a state agency, city, county or special district that the governing body considers to be in conflict with statewide planning goals approved under ORS 197.240 or interim goals specified in ORS 215.515.

> "(c) Petition by a state agency, city, county or special district any county governing body action that the state agency, city, county or special district considers to be

improperly taken or outside the scope of the governing body's authority under ORS 197.005 to 197.430, 215.055, 215.510, 215.515, 215.535 and 469.350."[2]

The city alleged that LCDC had jurisdiction under subsection (1)(b). The county argues that a small parcel zone change does not qualify as a "land conservation and development action" within the meaning of (1)(b), but is rather an ordinance under (1)(a) which could only have been reviewed upon petition by a county. Accordingly, the county urges that the city's failure to specify the subsection is a jurisdictional defect which warranted dismissal of the city's petition for review.

■ The LCDC opinion determined that the zone change constituted an "action" within the meaning of (1)(b). We need not decide the case on that basis, however, because LCDC also decided that the city's petition for review alleged facts which would support a conclusion that the county failed to consider and apply the statewide goals—an allegation which would confer jurisdiction on LCDC under subsection (1)(c). We agree with LCDC that it is the allegations of the petition, not petitioners' conclusion as to which statutory section is applicable, which confers jurisdiction.[3]

The county next argues that LCDC lacked the authority to issue an order vacating and remanding the county's zone change order and requiring the county's decision to be supported by adequate findings and a statement of reasons. The pertinent statutory provision containing the grant of authority to LCDC in

---

[2] ORS 197.300(1) has since been amended by Oregon Laws 1977, chapter 664, section 22. Under subsection (b), review is now authorized upon petition by a city, county, special district governing body or state agency.

[3] ORS 197.310 has been amended by Oregon Laws 1977, chapter 664, section 24. Regulations published pursuant to that statute now authorize LCDC to take jurisdiction of all petitions for review, even where petitioner has filed under the wrong statutory provision in ORS 197.300(1), unless "the allegations of the petition, taken as a whole, do not support jurisdiction under any of the subsections of ORS 197.300(a) through (d)." OAR 660-01-080(2)(c).

this instance is ORS 197.310, which authorized review of local planning actions by the commission, following review by a hearings officer. Subsection (3) of ORS 197.310 provided:

"* * * The commission may adopt, reject or amend the recommendation of the hearings officer in any manner."

Subsection (5) provided for appeal of the "order" issued by the commission in subsection (3). Subsection (6) of ORS 197.310 stated:

"The commission may enforce orders issued under subsection (3) of this section in appropriate judicial proceedings brought by the commission therefor."

The county insists that nothing in ORS 197.310 gives LCDC the power to vacate a local government's order or remand for additional findings and that LCDC's power is limited to determining whether the local government's action is in conformance or nonconformance with statewide goals. LCDC argues that the authority to issue an order adopting, rejecting or approving the hearings officer's recommendation, which if necessary can be enforced in court, contemplates the authority to vacate and remand.

We think the best way to analyze this statutory interpretation problem is to begin with the enforcement section, ORS 197.310(6), *supra.* That subsection provides that the commission may enforce its "orders" in an appropriate judicial proceeding. What we are really being asked to decide, then, is what kind of orders did the legislature intend to have enforced by such proceedings? Under LCDC's approach, an order remanding an ordinance proceeding to the county for specific findings of fact would be an "order" subject to enforcement under subsection (6). This would mean that, under certain circumstances, LCDC might find itself, as the enforcing agency, bringing a circuit court proceeding to require a county to make specific findings of fact concerning compliance of an ordinance with statewide land use planning goals. We think that, had the legislature contemplated such an extraordi-

nary invasion of a local legislative body's proceedings by a state agency, it would have more specifically expressed its intent to do so. LCDC's authority lies in its power to "review," *i.e.,* to declare the validity or invalidity of an ordinance, on the record before it, coupled with its authority, under subsection (6), to take appropriate action if it appears that a local governing body intends to ignore LCDC's interpretation.

The City of Sandy argues that the authority of the LCDC in such cases is the authority of a quasi-judicial body, and should be construed to be consistent with the authority assumed by courts in analogous circumstances. Thus, the city maintains that LCDC's requirement of findings is a "common law requirement applicable to all administrative bodies engaged in contested quasi-judicial proceedings" and cites *Petersen v. Klamath Falls,* 279 Or 249, 566 P2d 1193 (1977). In *Petersen,* the Supreme Court was asked to review an annexation decision made by the City of Klamath Falls. After holding that an annexation is a quasi-judicial land use decision which must be exercised in accordance with statewide planning goals pursuant to ORS 197.175, the court stated:

> "In this case, the record contains no indication that the City of Klamath Falls ever considered the interim planning goals specified in ORS 215.515 when making the annexation decision now before us. *A fortiori,* there are no findings and no statement of reasons which would demonstrate that this annexation proposal complies with those planning goals. Consequently, we have no way to adequately review the decision made by the city council in order to determine whether the proponents of this annexation have carried the burden of demonstrating that their annexation proposal is in accordance with the interim goals. Therefore, we have no choice but to reverse this case for a remand to the city council for a consideration of the applicable planning goals and the entry of appropriate findings before reaching any new decision on the adoption of an annexation ordinance. Those findings should be sufficient to demonstrate that

[ 731 ]

in reaching its decision the city has considered the relevant planning goals and has applied those general standards to the specific facts of the case before it. The city should also include a statement of the reasons supporting its eventual conclusion that the annexation under consideration is or is not consistent with those standards. *See Green v. Hayward, supra;* [275 Or 693, 552 P2d 815 (1976)]; *Fasano v. Washington County Comm., supra,* [7 Or App 176, 489 P2d 693 (1972) aff'd 264 Or 574, 507 P2d 23 (1973);] *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). This process will not only facilitate an orderly review of the city's decision on this issue, whatever its ultimate conclusion may be, but it should also benefit the decision-making process at the local level." (Footnotes omitted.) 279 Or at 256-57.

What is important here, however, is the distinction to be drawn between a state agency and a state court: the state courts are courts of general jurisdiction responsible for the full resolution of legal problems brought to their attention, absent statutes specifically limiting the courts' authority. By contrast, a state agency is a creature of statute whose authority extends as far as the statutes extend, and no further. State agencies may behave like courts; it is not, however, our province to convert them into courts.

As we view it, then, the language of LCDC's order directing the county to take a particular action, i.e., to make specific findings, is too broad. What is intended, apparently, by the LCDC order is a declaration that, on the present state of the record, the ordinance is not valid because there is no evidence to show the ordinance complies with the statewide land use planning goals. The LCDC's language concerning "remand" and "findings of fact" could, differently couched, become a recommendation to the county as to how it might most expeditiously improve the record and save the ordinance. What LCDC may choose to say in an amended order, however, is for that agency to decide.[4]

_____

[4]We are uncertain as to why the county has so strenuously objected to the order remanding the matter for entry of findings and a statement of

Reversed and remanded to the LCDC with directions to enter an order in conformance with this opinion.

reasons for the county's decision, since—as this opinion shows—the result of the county's success is self-defeating. As it now stands, the county's ordinance is (or will be, as soon as an amended order is entered by LCDC) invalid. However, the county's wisdom in choosing to challenge the LCDC's authority under these facts is a matter for the county to address, not this court. Furthermore, the problem is not likely to rise again. We note that ORS 215.416 has since been amended to require in subsection (6) that approval or denial of a zone change by a county must be accompanied by a statement explaining the justification for the decision based upon identified criteria, standards and facts set forth. Oregon Laws 1977, ch 766 § 12, p 749.