Argued and submitted June 17, 1987, reversed and remanded for further proceedings
February 24, 1988

STATE OF OREGON,
*Respondent,*

*v.*

GARY RICHARD PARKS,
*Appellant.*

(10-82-09941; CA A37638)

750 P2d 526

David A. Hill, Eugene, argued the cause and filed the brief for appellant.

John A. Reuling, Jr., Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals from an order of contempt under ORS 33.010(1)(a) and (d).[1] The court punished him summarily. He asserts that the court erred, because (1) the order does not recite the facts "as occurring in the immediate view and presence of the court," ORS 33.030,[2] and (2) there is no substantial evidence that his conduct was wilful or done with bad intent. We reverse.

Because the court did not appoint counsel, defendant represented himself at his trial for assault in the second degree.[3] ORS 163.175. During the lengthy trial, the court frequently reminded him that it would not receive irrelevant evidence and instructed him not to ask witnesses irrelevant questions. On each occasion, defendant said that he would try to comply. During cross-examination of his former wife, however, the following occurred:

"[PROSECUTOR]: Objection. Relevance.

"THE COURT: What do you claim for this? Is this the same issue?

"[DEFENDANT]: No, Your Honor. This is a completely—Your Honor, it's a completely new issue. This is a woman that my ex-wife—I've called her as a witness, and she will testify that my wife—

---

[1] ORS 33.010 provides, in pertinent part:

"(1) The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

"(a) Disorderly, contemptuous or insolent behavior toward the judge, while holding the court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding.

"* * * * *

"(d) Deceit, or abuse of the process or proceedings of the court, by a party to an action, suit or special proceeding."

[2] ORS 33.030 provides:

"When a contempt is committed in the immediate view and presence of the court or officer, it may be punished summarily, for which an order must be made reciting the facts as occurring in such immediate view and presence, determining that the person proceeded against is thereby guilty of a contempt, and that the person be punished as therein prescribed."

[3] The trial was defendant's second. He was tried originally for attempted murder and assault. We reversed. *See State v. Parks,* 71 Or App 630, 693 P2d 657 (1983). Defendant was convicted at his second trial of assault in the second degree. That appeal is pending in this court.

"THE COURT: Just a moment. Just a moment. Don't tell me what the witness is going to testify to. I asked you a question: Is this the same issue that you just raised with this other question: what this witness apparently told this woman?

"[DEFENDANT]: Yes, Your Honor.

"THE COURT: Then why are you asking the question? I just sustained the objection. It's irrelevant.

"And I'm going to tell you something right now. The next time you ask a question that is irrelevant or objectionable or sustained, cross-examination is over with. Do you understand?

"[DEFENDANT]: Yes, Your Honor.

"THE COURT: Now, I'm going to state for the record that this witness came on the stand at 11:30 yesterday and was subjected to 15 minutes of direct examination. You have been on cross-examination since that time. That's over four hours. Most of it has been objectionable. Most of it has been irrelevant and hearsay. And most of it has been subject to objections that were sustained.

"Now, pursuant to ORS 44.080, I'm telling you that, if you don't get back on, on admissible evidence, I'm going to call a halt to this, because I'm going to make a finding that you are doing this on purpose and that there is no reasonable purpose to be served by having this witness stay on the stand.

"Is that clear?

"[DEFENDANT]: Yes, Your Honor.

"THE COURT: All right. You may proceed.

"[DEFENDANT]: No further questions. It's not a fair trial.

"THE COURT: Redirect—What?

"Send the jury out.

"* * * * *

"THE COURT: Mr. Parks, you're in contempt of Court. I find that you made [sic] contemptuous and insolent behavior toward the Court, that you have abused the process and the proceedings of this Court over and over again.

"Pursuant to ORS 33.010, Sections 1(a) and 1(c)—rather, 1(d)—I find that you are in contempt of Court."

The court's order states:

"During the course of the trial and in the courtroom and in the presence of the undersigned judge, the defendant engaged in contemptuous and insolent behavior toward the judge and engaged in abuse of court proceedings, and

"Based upon the foregoing fact, it is the finding and determination of the Court that the Defendant * * * is thereby in contempt of court pursuant to ORS 33.010(1)(a) and (d), and ORS 33.030, and further finds that no right or remedy of Plaintiff was prejudiced thereby.

"ORDER

"IT IS HEREBY ORDERED that the Defendant is sentenced to pay a fine in the amount of $100.00, pursuant to ORS 33.020, said sum to be paid to the Circuit Court Clerk by October 16, 1985."

Defendant argues that the court could not punish him for contempt without making findings reciting the facts which occurred within the immediate view and presence of the court. The state responds that it is sufficient that the order recite the "ultimate facts" that a defendant engaged in "contemptuous and insolent behavior toward the judge and engaged in abuse of court proceedings." Moreover, it asserts that the record shows what defendant said and that he intended to say it.

The court based its order on both ORS 33.010(1)(a) and 33.010(1)(d). Apparently, what led directly to the summary contempt was defendant's statement, "It's not a fair trial." Because defendant committed the alleged contempt in the immediate view and presence of the court, the order must contain findings "reciting the facts as occurring in [the] immediate view and presence" of the court. ORS 33.030; *see State ex rel Spencer v. Howe*, 281 Or 599, 603, 576 P2d 4 (1978); *State v. Yates*, 208 Or 491, 498, 302 P2d 719 (1956). The findings that ORS 33.030 requires may show more clearly the facts that the court may have deemed pertinent, including the tone or volume of defendant's voice or to whom his remark was directed. The failure to recite the facts in the order was error. For like reasons, the court erred in holding defendant in contempt under ORS 33.010(1)(d).[4]

---

[4] We add that, although on remand the court will have the opportunity to "recite the facts," the record must also contain the evidence which supports "deceit or abuse of process or proceedings of the court." ORS 33.010(1)(d). Here, after the court warned defendant about asking further irrelevant questions, he did *not* ask any further questions at all before he was summarily held in contempt.

Because of our disposition of defendant's first assignment of error, we do not decide the merits of his second assignment that the court erred in finding him in contempt for lack of any substantial evidence that his conduct was wilful or done with bad intent.[5]

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[5] The court's findings should address the issues of wilfulness and bad intent. *See State ex rel Oregon State Bar v. Wright,* 280 Or 713, 720, 583 P2d 294 (1977); *State v. Yates, supra.*