393

Argued and submitted March 3, affirmed July 23, 1980

## WEST SIDE SANITARY DISTRICT,
### *Petitioner,*

*v.*

## LAND CONSERVATION AND
## DEVELOPMENT COMMISSION, et al,
### *Respondents.*

## (CA 14337, SC 26780)

614 P2d 1141

See also 289 Or 409, 614 P2d 1148; 289 Or 399, 614 P2d 1144; 289 Or 417, 614 P2d 1151.

E. R. Bashaw and Steven P. Couch, Medford, argued the cause and filed briefs for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents Land Conservation and Development Commission, and Health Division of the Department of Human Resources of the State of Oregon; Kristine Gebbie, Assistant Director of Health thereof; and Environmental Quality Commission of the State of Oregon. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

B. J. Matzen, City Attorney, Klamath Falls, argued the cause and filed a brief for respondent City of Klamath Falls.

Before Denecke, Chief Justice, and Tongue, Howell, Lent and Peterson, Justices.

HOWELL, J.

### HOWELL, J.

This is the first of four related cases decided this date presenting questions concerning the compulsory annexation of a territory to remove a danger to public health. The instant case arises from a petition to the Land Conservation and Development Commission (LCDC), requesting that LCDC review the order of the Health Division issued pursuant to ORS 222.880, finding that a danger to public health exists in a territory adjacent to the city of Klamath Falls (City).[1] The Health Division findings were required as part of statutory proceedings toward compulsory annexation to remove a danger to public health, ORS 222.850 to 222.915. The Court of Appeals affirmed the decision of LCDC to dismiss the petition for lack of jurisdiction. 43 Or App 890, 603 P2d 1390 (1979). We granted review.

In December, 1977, the Klamath County Board of Health, believing that a danger to public health existed within the subject territory, adopted a resolution and forwarded a copy to the Health Division, proposing that the territory be annexed to the City pursuant to ORS 222.850 to 222.915. Those statutes provide for city annexation of a territory,

> "* * * without any vote in such territory or any consent by the owners of land therein if it is found, as provided in ORS 222.850 to 229.915 [sic], that a danger to public health exists because of conditions within the territory and that such conditions can be

---

[1] In the second case, *State ex rel Rodriguez v. Gebbie*, 289 Or 399, 614 P2d 1144 (1980), petitioners sought a writ of mandamus to compel the assistant director of the Health Division to initiate review of a petition submitted under ORS 222.885. In the third case, *West Side Sanitary Dist. v. LCDC (#26779)*, 289 Or 409, 614 P2d 1148 (1980), petitioners sought LCDC review of the order of the Environmental Quality Commission (EQC), issued pursuant to ORS 222.898, approving city plans to remove or alleviate the health hazard. In the fourth case, *West Side Sanitary Dist. v. Health Div.*, 289 Or 417, 614 P2d 1151 (1980), petitioners sought judicial review in the Court of Appeals of the order of EQC issued pursuant to ORS 222.898.

removed or alleviated by sanitary, water or other facilities ordinarily provided by incorporated cities." ORS 222.855.

The Health Division, after holding public hearings in the subject territory pursuant to ORS 222.870, issued an order pursuant to ORS 222.880 (which requires the assistant director of the Health Division to determine if a health hazard exists), adopting the findings of the hearings officer that a danger to public health exists in the territory because of conditions

"which are conducive to the propagation of communicable or contagious disease producing organisms * * * , conditions caused by inadequate installations for the disposal and treatment of sewage in the territory."

Petitioners filed a petition with LCDC on December 26, 1978, requesting that LCDC review the findings of the Health Division. Petitioners alleged that the Health Division's order was an action affecting land use (reviewable by LCDC under ORS 197.180) and that the Health Division did not consider or comply with any of the statewide land use planning goals in making its findings. Petitioner asked that LCDC remand the matter to the Health Division for compliance with statewide planning goals.

In his "Recommendation on Jurisdiction," the LCDC hearings officer expressed the opinion that the legislature did not intend LCDC to be involved in a Health Division finding as to whether a danger to public health exists in an area because it did not intend dangers to public health to be weighed against statewide planning goals when the Health Division is attempting to remove a health hazard. The hearings officer concluded:

" * * * The health division has no discretion to consider the goals in deciding whether such a condition exists. I know of no goal which would make the existence of a health hazard less probable if applied to a concrete case. The hazard is there or it is not."

LCDC issued a final order on March 16, 1979, determining that LCDC does not have jurisdiction for the reasons set forth in the recommendation of the hearings officer. Petitioners filed a petition for judicial review of the LCDC final order in the Court of Appeals, which affirmed LCDC, citing its decision in *West Side Sanitary Dist. v. Health Div.,* 42 Or App 755, 601 P2d 858 (1979).

Petitioners contend that the Health Division is required by ORS 197.180(1) to take actions concerning annexation under ORS 222.850 to 222.915 in accordance with statewide planning goals and that it did not do so in this case. ORS 197.180(1) provides:

> "State agencies shall carry out their planning duties, powers and responsibilities and take actions that are authorized by law with respect to programs affecting land use in accordance with statewide planning goals approved pursuant to ORS 197.005 to 197.430 and 469.350."

We are thus presented with the question whether the action taken by the Health Division pursuant to ORS 222.880 was an action "authorized by law with respect to programs affecting land use."

Petitioners argue that statewide planning goals should apply to the Health Division's finding that a danger to public health exists for the reasons expressed in our recent decision, *Petersen v. Klamath Falls,* 279 Or 249, 566 P2d 1193 (1977). In that case, we held that a city's decision to annex land outside its existing borders is an exercise of the city's planning responsibilities under ORS 197.175(1) and requires application of statewide planning goals. We recognized that the decision to extend city boundaries by annexation is one of several "local planning activities which will have a significant impact on present or future land uses * * *." *Id.* at 253-54.

The annexation proceedings pursued in *Petersen* under ORS 222.111 are, however, different from the compulsory annexation proceedings pursued

in the instant case under ORS 222.850 to 222.915. Under the general annexation statutes, a city may choose to extend its boundaries. Under ORS 222.897 to 222.900, if the dangerous conditions exist in the territory and the danger can be removed or alleviated by city services, then the city is required by the legislature to annex the territory. This legislative decision was not made with regard to land use planning for future growth and development, but it was made with regard to the fundamental concern for public safety and public health.

■■ A Health Division order finding a danger to public health is not an action "with respect to programs affecting land use" to which the legislature intended ORS 197.180(1) to apply. The "program" required of the Health Division by ORS 222.870 and 222.880 involves a single factfinding procedure. When the Health Division must determine whether a danger to public health exists in a territory, it is concerned with current public health conditions and not with future land use implications. Statewide planning goals are of no assistance in determining whether a health hazard exists in a territory. We conclude, therefore, that the legislature did not intend, in either ORS 197.180(1) or ORS 222.880, that the Health Division consider planning goals when it determines whether a health hazard presently exists in an area.

Accordingly, we hold that LCDC does not have jurisdiction to review the findings of the Health Division, pursuant to ORS 222.880, that conditions dangerous to public health exist in an area.

Affirmed.