Argued and submitted March 3, affirmed July 23, 1980

# WEST SIDE SANITARY DISTRICT,
*Petitioner,*

*v.*

# LAND CONSERVATION AND
# DEVELOPMENT COMMISSION, et al,
*Respondents.*

## (CA 14533, SC 26779)
614 P2d 1148

See also 289 Or 399, 614 P2d 1144; 289 Or 393, 614 P2d 1141; 289 Or 417, 614 P2d 1151.

E. R. Bashaw and Steven P. Couch, Medford, argued the cause and filed briefs for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents Land Conservation and Development Commission, and Health Division of the Department of Human Resources of the State of Oregon; Kristine Gebbie, Assistant Director of Health thereof; and Environmental Quality Commission of the State of Oregon. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

B. J. Matzen, City Attorney, Klamath Falls, argued the cause and filed a brief for respondent City of Klamath Falls.

Before Denecke, Chief Justice, and Tongue, Howell, Lent and Peterson, Justices.

HOWELL, J.

## HOWELL, J.

This is the third of four related cases decided this date presenting questions concerning the compulsory annexation of a territory to remove a danger to public health. The instant case arises from a petition to the Land Conservation and Development Commission (LCDC), requesting that LCDC review the certification of the Environmental Quality Commission (EQC), issued pursuant to ORS 222.898, which approves the plan submitted by the City of Klamath Falls (City) to remove or alleviate conditions causing a danger to public health in an area adjacent to the City.[1] The EQC certification was required as part of statutory proceedings towards compulsory annexation to remove a danger to public health, ORS 222.850 to 222.915. The Court of Appeals affirmed the decision of LCDC to dismiss the petition for lack of jurisdiction, 43 Or App 890, 603 P2d 1390 (1979). We granted review.

In December, 1977, the Klamath County Board of Health, believing that a danger to public health existed within the subject territory, adopted a resolution and forwarded a copy to the Health Division, proposing that the territory be annexed to the City pursuant to ORS 222.850 to 222.915. Those statutes provide for city annexation of a territory,

" * * * without any vote in such territory or any consent by the owners of land therein if it is found, as provided in ORS 222.850 to 229.915 [sic], that a danger to public health exists because of conditions within the territory and that such conditions can be

---

[1] In the first case, *West Side Sanitary Dist. v. LCDC (# 26780),* 289 Or 393, 614 P2d 1141 (1980), petitioners sought LCDC review of the Health Division order issued pursuant to ORS 222.880, finding that a health hazard exists. In the second case, *State ex rel Rodriguez v. Gebbie,* 289 Or 399, 614 P2d 1144 (1980), petitioners sought a writ of mandamus to compel the assistant director of the Health Division to initiate review of a petition submitted under ORS 222.885. In the fourth case, *West Side Sanitary Dist. v. Health Div.,* 289 Or 417, 614 P2d 1151 (1980), petitioners sought judicial review in the Court of Appeals of the final order of EQC issued pursuant to ORS 222.898.

removed or alleviated by sanitary, water or other facilities ordinarily provided by incorporated cities." ORS 222.855.

The Health Division, after holding public hearings in the subject territory pursuant to ORS 222.870, issued an order finding that a danger to public health exists in the territory because of conditions

"which are conducive to the propagation of communicable or contagious disease producing organisms * * *, conditions caused by inadequate installations for the disposal and treatment of sewage in the territory."

These findings were filed with the City and with EQC pursuant to ORS 222.880(2).

On December 8, 1978, pursuant to ORS 222.897, the City submitted to EQC its plans, with specifications and a time schedule, for the construction of facilities to remove or alleviate the conditions causing a danger to public health in the territory proposed to be annexed. EQC evaluated the City's plans pursuant to ORS 222.898 and, on January 26, 1979, EQC issued a certificate approving the City's plans as adequate to solve the health problem.

Petitioners filed a petition with LCDC on March 22, 1979, requesting that LCDC review the actions of the Health Division and EQC. Petitioners alleged that the actions of these agencies were actions affecting land use (reviewable by LCDC under ORS 197.180) and that the agencies did not consider or conform with any of the statewide land use planning goals. Petitioners asked that the actions be remanded to the agencies for compliance with the statewide planning goals.

The LCDC hearings officer, in his "Recommendation on Jurisdiction," stated that LCDC had already determined that it lacks jurisdiction to review

the Health Division's determinations as to the existence of a health hazard under ORS 222.880. With regard to LCDC review of EQC's certification of the City's plans for removing a health hazard, pursuant to ORS 222.898, the hearings officer expressed the opinion that LCDC lacks jurisdiction over such certification "with the possible exception of cases in which an alternative plan is considered by the Health Division or the EQC under ORS 222.890."

LCDC issued a final order on June 4, 1979, adopting the hearings officer's recommendations and dismissing the petition for lack of jurisdiction. The Court of Appeals affirmed LCDC, citing its recent decision in *West Side Sanitary Dist. v. Health Div.,* 42 Or App 755, 601 P2d 858 (1979).

Petitioners contend that respondent state agencies are required by ORS 197.180(1) to take actions concerning annexation under ORS 222.850 to 222.915 in accordance with statewide planning goals and that they did not do so in this case. ORS 197.180(1) provides:

> "State agencies shall carry out their planning duties, powers and responsibilities and take actions that are authorized by law with respect to programs affecting land use in accordance with statewide planning goals approved pursuant to ORS 197.005 to to 197.430 and 469.350."

We are thus presented with the question whether the actions taken by these state agencies under ORS 222.850 to 222.915 were "actions authorized by law with respect to programs affecting land use." We have already decided, in *West Side Sanitary Dist. v. LCDC, (#26780),* 289 Or 393, 614 P2d 1141 (1980), that the issuance of findings of the Health Division under ORS 222.880 is not an action with respect to programs affecting land use under ORS 197.180(1). We held that the legislature did not require or intend the Health Division to consider statewide planning goals and that LCDC was correct in deciding that it lacked jurisdiction over the Health Division's action

under ORS 222.880. Because LCDC had previously determined that it lacked jurisdiction over the Health Division in the petitioners' first petition to LCDC, LCDC acted properly in limiting its decision in this case to the question of LCDC jurisdiction over the action of EQC.

Petitioners argue that statewide planning goals should apply whenever EQC evaluates a city plan for removing a health danger, pursuant to ORS 222.898, for the reasons expressed in our recent decision, *Petersen v. Klamath Falls,* 279 Or 249, 566 P2d 1193 (1977). As we have explained in *West Side Sanitary Dist. v. LCDC (# 26780), supra,* the annexation proceedings pursued in *Petersen* under ORS 222.111 are, however, different from the compulsory annexation statutes. The legislative decision to compel cities to annex territory, pursuant to ORS 222.850 to 222.915, was not made with regard to land use planning, but was made with regard to the fundamental concern for public safety and public health.

■■ An action taken by EQC pursuant to ORS 222.898 is not an action "with respect to programs affecting land use" to which the legislature intended ORS 197.180(1) to apply. The "program" followed by EQC and required by ORS 222.898 involves only fact finding procedures. ORS 222.898 contemplates that the EQC has before it only the city's plans for removing the health hazard. ORS 222.898(2) requires EQC to approve the city's plans if the plans are "adequate" to remove or alleviate the health hazard. ORS 222.898(3) requires EQC to disapprove the city's plans if they are "inadequate." But then ORS 222.898(3) also requires the city to revise its plans. Finally, ORS 222.898(4) requires EQC to terminate city annexation proceedings if EQC determines that the health hazard "cannot be removed or alleviated" by facilities ordinarily provided by incorporated cities. A finding by EQC whether the city's plans are "adequate" or "inadequate" *to remove or alleviate a health hazard* does not depend upon statewide land use planning goals.

We are of the opinion that the legislature did not intend application of ORS 222.898, by either EQC or the Health Division, to involve a consideration of land use planning goals. ORS 222.898 is directed toward solving a health problem efficiently and adequately. If the city does not present an adequate plan, ORS 222.898(3) requires the city to revise its proposals. If the city plan is adequate, then city annexation is *mandated* by the statute. EQC has no discretion to apply land use planning goals in its evaluation under ORS 222.898 of whether the city plan is adequate to solve the health problem.[2]

Accordingly, we hold that LCDC does not have jurisdiction to review the certification issued by EQC pursuant to ORS 222.898 approving the City's plans to remove or alleviate conditions causing a danger to public health with the area adjacent to the City.

Affirmed.

---

[2] We note that the present case involves only EQC certification of a city plan under ORS 222.898. The LCDC hearings officer expressed the opinion that LCDC would have jurisdiction when EQC or the Health Division review an alternative plan for annexation pursuant to ORS 222.890 because ORS 222.890(1) requires the reviewing authority to

" * * * consider whether, in its judgment, the [alternative] plan contains a preferable alternative for the alleviation or removal of the conditions dangerous to public health. If it determines the annexation to the city provides *the best and most expeditious method* of removing or alleviating the dangerous conditions, the alternative plan shall be rejected * * *." (Emphasis added.)

*See also* ORS 222.890(2). The present decision expresses no opinion as to whether ORS 222.890 requires EQC or the Health Division to consider land use goals in comparing the alternative plan with the city's plan to determine "the best and most expeditious method."