Argued and submitted April 22, affirmed November 2, reconsideration denied December 10, petition for review allowed December 29, 1981 (292 Or 334)
See later issue Oregon Reports

MAYEA et al,
*Petitioners,*

*v.*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION,
*Respondent.*

(No. CA 18641)

635 P2d 400

Frank M. Parisi, Portland, argued the cause for petitioners. With him on the briefs were George L. Kirklin, Michael J. Lilly, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioners, intervenors in a contested case proceeding before the Land Conservation and Development Commission (LCDC), seek judicial review of LCDC's order which requires Curry County to adopt a comprehensive plan and implementing measures to comply with LCDC's statewide planning goals.[1]

The facts are not in dispute. The county did not have its comprehensive plan in compliance with statewide planning goals by January, 1976, the compliance date for LCDC's Goals 1 to 14, or by January, 1978, the compliance date for LCDC's Coastal Goals. Between June 18, 1976, and August 11, 1978, LCDC made three planning assistance grants to the county, totaling $130,029, and the county agreed to a detailed work program which set forth the tasks required to bring its plan and ordinances into compliance. LCDC granted the county planning extensions and placed it on schedules that aimed for compliance by July, 1977, for Goals 1-14 and by February, 1979, for the Coastal Goals. These dates were extended twice, ultimately to June 30, 1980.

Following a May, 1979, progress review, LCDC's field representative concluded that the county had not made satisfactory progress toward compliance. He recommended adoption of an enforcement order and grant conditions requiring application of the goals to individual land use actions. At its July, 1979, meeting, LCDC approved a compliance date and grant conditions and determined that an enforcement order would be issued if a subsequent meeting between its director and the county did not produce satisfactory results. At a September, 1979, meeting, LCDC's staff reported that the county was making satisfactory progress toward compliance and that it expected the

---

[1] LCDC's order mandates that until Curry County's comprehensive plan and implementing measures are acknowledged by LCDC to comply with the statewide planning goals, the county may not approve any land use actions (with certain exceptions), including but not limited to plan and zone changes, subdivision approvals, major and minor partition approvals and the issuance of conditional use, building or other similar permits on lands outside the corporate limits of the cities of Brookings and Gold Beach or their acknowledged urban growth boundaries or the acknowledged urban growth boundary of the city of Port Orford or for lands other than those determined by LCDC to be irrevocably committed to nonfarm or nonforest uses.

county to submit its comprehensive plan within sixty days. It recommended that LCDC take no action on the proposed enforcement order at that time. LCDC instructed its staff to review a draft of the county's comprehensive plan and implementing measures and advise the county if it noted any problems.

LCDC notified the county on September 20, 1979, that its proposed plan did not comply with the statewide goals. On December 11, 1979, the county requested that LCDC acknowledge its proposed plan. LCDC denied acknowledgment on May 8, 1980, after finding the proposed plan contained substantial conflicts with statewide goals. The order denying acknowledgment included specific findings and reasons relating to the plan's inadequacies.

On May 9, 1980, LCDC adopted an enforcement order directing the county to bring its comprehensive plan into conformity with the goals. The order also prohibited virtually all land use actions in the county. The Board of County Commissioners and others, including petitioners, requested a hearing. After a contested case hearing, LCDC entered its final order containing findings of fact and conclusions of law and specific directives on how the county could achieve compliance with the goals.

ORS 197.320 directs that LCDC issue an order requiring a county to take action necessary to bring its comprehensive plan into conformity with the planning goals if LCDC has good cause to believe that a county's comprehensive plan is not in conformity with the goals, or if a county is not making satisfactory progress toward performance of its compliance schedule, or if a county has no comprehensive plan and is not on a compliance schedule directed to developing such plans.

■     LCDC's final enforcement order is supported by substantial and uncontradicted evidence that Curry County was not in conformity with LCDC's statewide goals and that the county was not on a compliance schedule. Under the circumstances, LCDC was *required* to issue an order directing the county to take the necessary action to comply with LCDC's goals. ORS 197.320(1)(a).

Petitioners challenge that portion of LCDC's order in which it determined that:

"\* \* \* pursuant to ORS 197.320(4) \* \* \* until Curry County brings its comprehensive plan and implementing ordinances into compliance with the Statewide Planning Goals, \* \* \* it will be contrary to the public interest in the conservation and sound development of land to allow the continuation of certain land conservation and development actions, \* \* \* on all lands outside the corporate limits of the Cities of Brookings and Gold Beach \* \* \* or their acknowledged urban growth boundaries, the acknowledged UGB of the City of Port Orford, and the land determined by the Commission to be irrevocably committed to nonfarm or nonforest uses. \* \* \*"

Petitioners argue that LCDC had to adopt standards for the application of ORS 197.320(4) and that those standards must have been adopted by rule or at the hearing and be included in the agency order.

■ ORS 197.320(4) provides:

"If the commission finds that in the interim period during which a \* \* \*, county, \* \* \* would be bringing itself into compliance with the commission's order under subsection (1) or (3) of this section it would be contrary to the public interest in the conservation or sound development of land to allow the continuation of some or all categories of land conservation and development actions in one or more specified geographic areas, it may, as part of its order, require that such actions not be taken or allowed."

Thus, the imposition of the moratorium was a sanction authorized by statute.

■ LCDC found that after four years of delay the county was not on a compliance schedule and that the county had not adopted a comprehensive plan. Specific goal deficiencies were noted in the order. LCDC also determined that the county had approved land use actions without adequate consideration of the goals. Contrary to petitioners' argument, the evidence before LCDC on that issue was substantial and unrebutted. The Commission's determination that land use actions by the county should be limited was within the Commission's discretion under ORS 197.320(4) and was properly articulated.

■ Petitioners also contend that LCDC erred in treating the acknowledgment issue and the moratorium issue as if they were identical. The issues addressed in the LCDC

order denying the county's acknowledgment request were relevant to the questions whether an enforcement order was required and whether the approval of land use actions by the county should be limited pursuant to ORS 197.320(4). The issue in an acknowledgment review is whether the county's plan and ordinances comply with the statewide planning goals. The initial issue in determining if an enforcement order is proper is whether the local government's planning conforms with the goals. The facts supporting the conclusion that a proposed plan does not conform with the goals are relevant to the decision whether the limitation of county land use actions is appropriate. Thus, it was permissible to discuss the acknowledgment denial order in proceedings on the enforcement order.

Petitioners' other assignments of error are merely variations on the same theme. We have considered each and find them without merit for the reasons stated above.

We find that the apparently systematic disregard of the goals in Curry County's interim land use decisions justifies LCDC's order, which is supported by substantial evidence and does not exceed LCDC's statutory authority. The order is therefore affirmed.

Affirmed.