## 1000 FRIENDS OF OREGON,
*Petitioner,*
*v.*
## CURRY COUNTY et al,
*Respondents.*
(CA A25174)
663 P2d 818

Robert L. Liberty, Portland, argued the cause and filed the brief for petitioners.

Richard K. Mickelson, Gold Beach, waived appearance for respondent Curry County.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondents Land Conservation and Development Commission and Department of Land Conservation and Development. With her on the brief were Dave Frohnmayer,

Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner appeals from an order of respondent Land Conservation and Development Commission (LCDC) that rescinded an earlier enforcement order and moratorium on land use actions by respondent Curry County. *See* ORS 197.320(1), 197.320(4). We affirm.

The enforcement order was promulgated in July, 1980, and, according to the order, the moratorium it imposed was to continue "until Curry County brings its comprehensive plan and implementing ordinances into compliance with the Statewide Planning Goals." We affirmed that order in *Mayea v. LCDC,* 54 Or App 510, 635 P2d 400 (1981), and we will not repeat the facts we set forth there. In sum, we said there "that the apparently systematic disregard of the goals in Curry County's interim land use decisions justifies LCDC's order." 54 Or App at 515. The Supreme Court allowed review in *Mayea,* 292 Or 334 (1981), but dismissed the petition as moot, 293 Or 372, 647 P2d 920 (1982), after LCDC rescinded the enforcement order on May 3, 1982.

In late April, 1982, the county submitted a comprehensive plan and implementing legislation for goal compliance review by LCDC pursuant to ORS 197.251. The parties agree that the plan does not qualify for compliance acknowledgment in its present form. However, LCDC's findings and conclusions in the order rescinding the enforcement order are to the general effect that the county has made substantial progress toward compliance and that "there is no longer good cause to continue the application of the [enforcement] order" or the moratorium.

Petitioner's assignment of error states:

"Respondent LCDC erred in rescinding its 11 July 1980 enforcement order moratorium because ORS 197.320 and its own order bar rescinding the moratorium until Curry County's comprehensive plan and implementing ordinances are brought into compliance with the statewide planning goals."

Petitioner's principal argument is that the rescission of the moratorium is contrary to ORS 197.320(4),[1] which provides:

---

[1] We do not understand the assignment of error or petitioner's argument to raise the question whether LCDC has statutory authority to rescind the enforcement order, as distinct from the moratorium it contains.

"If the commission finds that in the interim period during which a local government, state agency or special district would be bringing itself into compliance with the commission's order under subsection (1) or (3) of this section it would be contrary to the public interest in the conservation or sound development of land to allow the continuation of some or all categories of land use decisions in one or more specified geographic areas, it may, as part of its order, limit or prohibit the approval by the local government of applications for subdivisions, partitions or building permits until the plan or land use regulation is brought into compliance. Any restriction under this subsection may be imposed only if the commission finds that the activity, if continued, aggravates the goal, comprehensive plan or land use regulation violation and that the restriction is necessary to correct the violation. A restriction imposed under this subsection shall apply only to the geographic area that is the subject of the violation."

Petitioner appears to acknowledge that the initial imposition of a moratorium is a discretionary decision LCDC *may* make if the statutory prerequisites exist. However, petitioner argues that, having made the decision, LCDC has no authority to rescind it "until the plan or land use regulation is brought into compliance."[2] Petitioner premises that argument on what it describes "as a literal reading" of certain language of the statute and on policy factors, which petitioner summarizes as follows:

"To lift the moratorium before the plan and regulations are brought into compliance with the goals would be to open the door to renewed goal violations 'contrary to the public interest in the conservation or sound development of the land.' * * *

"* * * * *

"Only a complying comprehensive plan and regulations will provide adequate security for the common public interest in sound land use planning."

Respondents argue:

"* * * The provisions of ORS 197.320 relating to the imposition of a moratorium make it clear that a moratorium is a tool to be used by LCDC in limited cases. The legislature generally described the limited circumstances under which a

---

[2] Petitioner *appears* to understand "compliance," as used in ORS 197.320(4), to mean that a plan and implementing legislation must have been acknowledged under ORS 197.251. We do not decide whether that is a correct understanding.

moratorium should be imposed and delegated to LCDC the discretion to apply the general criteria to specific fact situations. * * *

"* * * * *

"Petitioner misreads ORS 197.320(4). The statute provides that LCDC may impose a moratorium 'until the plan and land use regulation is brought into compliance.' The language 'until the plan * * * is brought into compliance' is a statement of the maximum limits of LCDC's authority. LCDC does not have authority to impose a moratorium beyond the time the local government's plan and ordinances are brought into compliance. There is nothing in ORS 197.320(4) to support petitioner's argument that once LCDC imposes a moratorium, it loses all discretion to remove the imposition of the moratorium until the local plan and ordinances are in full compliance with the statewide planning goals."

We agree with respondents. Nothing in the statutory language compels the interpretation that LCDC is powerless to revoke an enforcement action for which the statutory conditions no longer exist and which LCDC had the discretion not to take in the first place. We also agree with respondents that ORS 197.175 and other provisions, including LCDC's continuing enforcement authority under ORS 197.320, adequately assure that the goals and other land use planning requirements will be satisfied when LCDC exercises its discretion to revoke a moratorium before the affected body's comprehensive plan and implementing legislation are acknowledged.[3]

The other arguments petitioner makes for reversal do not require discussion.

Affirmed.

---

[3] It can also be argued that, from a policy standpoint, the irreversibility which petitioner ascribes to the statute would tend to frustrate the enforcement process by making LCDC reluctant to exercise its discretion to impose restrictions under ORS 197.320.