# CITY OF HAPPY VALLEY,
## *Petitioner,*

*v.*

# LAND CONSERVATION AND DEVELOPMENT COMMISSION et al,
## *Respondents.*

### (CA A25552)

677 P2d 47

*See also* 66 Or App 795, 677 P2d 43.

James R. Carskadon, Jr., Milwaukie, argued the cause for petitioner. With him on the brief was Redman, Carskadon, Knauss & Kelley, Milwaukie.

Terry D. Morgan, Portland, argued the cause for respondents Mas Fujimoto, Delmer Eisert, Robert and Agnes Guy. With him on the brief was Morgan & Shonkwiler, P.C., Portland.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondent Land Conservation and Development Commission. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Kevin L. Hanway, Lake Oswego, filed the brief for respondent Home Builders of Metropolitan Portland.

Mark J. Greenfield, Portland, filed the brief for respondent 1000 Friends of Oregon.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks judicial review, ORS 183.480, of an LCDC "enforcement order." Because LCDC denied acknowledgment of petitioner's comprehensive plan,[1] it was required to, ORS 197.320(1), and did, order petitioner to take certain action necessary to bring its comprehensive plan and implementing ordinances into compliance with the statewide planning goals. In addition, as an interim measure pending acknowledgment, LCDC ordered petitioner not to approve residential building permit applications that do not achieve a minimum density of six units per net acre (UNA); to adopt an interim protection measure requiring petitioner to base its decisions on approval or denial of subdivisions, partitions and residential permits on, among other things, that minimum density requirement, and if such an interim measure is not adopted by a certain date petitioner is ordered to approve applications that are otherwise lawful and do achieve that minimum density. Petitioner argues that the order was adopted by unlawful procedures and that LCDC lacked statutory authority to order approval of the designated building permit applications pending acknowledgment. We modify the order in two respects.

■    Petitioner first assigns error to several of the procedures by which the order was adopted. At the hearing, documentary evidence was introduced that had not been served on petitioner before the hearing. After inspecting the documents, petitioner objected to their admission on the grounds that the failure to serve them violated OAR 137-03-050(5)[2] and that the evidence was irrelevant, immaterial and unduly repetitious.

---

[1] In a companion case decided today, we reversed a portion of the denial order that required petitioner's comprehensive plan to include a particular mix of housing types, and otherwise affirmed the order. *City of Happy Valley v. LCDC,* 66 Or App 795, 677 P2d 43 (1984). That case is remanded to LCDC to articulate its requirements for housing needs under ORS 197.307.

[2] OAR 137-03-050(5) provides:

"Anytime ten (10) days or more before a hearing, any party may serve on an opposing party a copy of an affidavit, certificate, or other document the party proposes to introduce into evidence. Unless the opposing party requests cross-examination of the affiant, certificate preparer, or other document preparer or custodian, within five (5) days prior to the hearing the affidavit or certificate may be offered and received with the same effect as oral testimony or the document may be received in evidence."

■ Petitioner argues that, because it did not see the evidence before the hearing, it was unable to make informed objections. However, having had ample opportunity on this appeal to review the evidence, petitioner does not even attempt to demonstrate in what respect it was irrelevant or immaterial and points out, by way of example only, that the admission of similar letters to several different agencies by one party was "unduly repetitious." Accordingly, even assuming that OAR 137-030-050(5)[3] was violated by the failure to serve petitioner, and even if the evidence was irrelevant, immaterial or repetitious, petitioner has not demonstrated substantial prejudice by its admission, as it must do if the error is to be grounds for reversal, modification or remand. ORS 197.320(3)(a).

Petitioner also contends that LCDC violated OAR 137-03-060 by failing to serve it before the hearing with a copy of the proposed order that was finally adopted.[4] OAR 137-03-060 requires service on the parties only

"[i]f the majority of the officials who are to render the final order in a contested case were not present at the hearing or have not reviewed and considered the record."

That is not the case here.[5]

■ In its substantive assignment of error, petitioner argues that LCDC lacks authority to require it to approve

---

[3] Respondents urge us to construe OAR 137-03-050(5) to require service ten days in advance of the hearing only when the documents' authenticity is at issue, which, they argue, is not the case here. They point out that the rule is addressed specifically to the introduction of affidavits or certificates, and that it entitles the opposing party to cross-examination of the preparer or custodian, suggesting that authenticity was the chief concern. In addition, the rule would otherwise be more restrictive than that imposed in Oregon trial courts, contrary to the apparent intent of ORS 183.450(1) to provide for a less stringent standard of admissibility in administrative hearings. Because petitioner has not demonstrated prejudice by the failure to serve it with these documents, we do not reach the question whether OAR 137-03-050(5) was violated.

[4] There was a series of proposed orders in this case, and petitioner does not identify which orders it received or when. Respondents contend, and petitioner does not dispute, that petitioner was served before the hearing with an order that was substantially the same as the order finally adopted.

[5] Petitioner also argues that the order did not include a ruling on the admissibility of the evidence, as it must under OAR 137-03-070(1). The order incorporates the challenged exhibits by reference; it is clear that they were admitted.

designated building permit applications pending acknowledgment. The order provides that petitioner must approve building permit applications that are otherwise lawful and will achieve the minimum density of six UNA.[6]

Respondents argue that LCDC has authority to require that action under ORS 197.320, which provides in part that, if the local jurisdiction is either not on a compliance schedule for completing its plan or is not adhering to its compliance schedule,

"(1)   The commission shall issue an order requiring [it] to take action necessary to bring its comprehensive plan, land use regulation or other land use decisions into conformity with the goals * * *."

Subsection (2)(c) provides further that:

"(2)   An order issued under subsection (1) of this section * * * shall set forth:

"* * * * *

"(c)   The corrective action decided upon by the commission, including the specific requirements, with which the local government, state agency or special district must comply."

---

[6] The order provides, in pertinent part:

"4. Until such time as the City of Happy Valley completes requirements 1-3 above, and until its comprehensive plan and implementing measures are acknowledged as being in conformance with the Statewide Planning Goals, the City must:

"* * * * *

"b. Adopt an interim protection measure by July 8, 1982 which requires the City to base its decisions on approval or denial of Subdivisions, partitions and residential building permits, exclusive of land with slopes of 25 percent or greater and land within the 100-year floodplain, on the following standards:

"(1) The proposal achieves a minimum density of six dwelling units per net acre within the area of the proposed development. Density calculation: The City is required to allow sufficient dwelling units on each development site to meet or exceed the six unit per acre density standard. However, the City retains the discretion to allow or disallow additional units in excess of the minimum number required to meet or exceed the standard. * * *

"If an interim measure, as outlined above, is not adopted and effective by July 8, 1982, the above standards shall be the basis for approval and denial of subdivisions partitions and building permits within the city limits of Happy Valley. * * *"

It is the requirement of the last paragraph that petitioner contends LCDC is without authority to impose. LCDC concedes that the effect of that paragraph is to require petitioner to approve applications that meet the standards set forth in the preceding portion of part 4(b)(1) of the order, if the applications are otherwise lawful.

Those subsections only authorize LCDC to require action for the purpose of bringing an unacknowledged plan into conformity with the goals. They do not address the extent of LCDC's control over a local jurisdiction's specific land use actions in the interim pending compliance acknowledgment. The extent to which LCDC has that authority is stated in subsection (4) of ORS 197.320:

> "If the commission finds that in the interim period during which a local government, state agency or special district would be bringing itself into compliance with the commission's order under subsection (1) or (3) of this section it would be contrary to the public interest in the conservation or sound development of land to allow the continuation of some or all categories of land use decisions in one or more specified geographic areas, *it may,* as part of its order, *limit or prohibit the approval* by the local government *of applications for subdivisions, partitions or building permits* until the plan or land use regulation is brought into compliance. Any restriction under this subsection may be imposed *only if the commission finds that the activity, if continued, aggravates the goal, comprehensive plan or land use regulation violation and that the restriction is necessary* to correct the violation. A restriction imposed under this subsection shall apply only to the geographic area that is the subject of the violation." (Emphasis supplied.)

That subsection authorizes LCDC to "limit or prohibit"[7] approval of building permit applications, and refers to "restrictions" imposed under the statute. Under it, LCDC clearly has authority to prohibit petitioner from approving applications that do not meet required standards. *See Mayea v. LCDC,* 54 Or App 510, 635 P2d 400, *rev allowed* 292 Or 334 (1981), *rev dismissed* 293 Or 372 (1982). The statute does not, however, confer authority to order the local jurisdiction, as an interim measure, to make specific land use decisions that would require its approval of certain applications for subdivision partitions and building permits. *See Board of Comm. of Clackamas County v. LCDC,* 35 Or App 725, 582 P2d 59 (1978).

Our construction of ORS 197.320, read as a whole, is supported by the history of LCDC's enforcement authority

---

[7] ORS 197.320(4) was amended after the order was entered herein expressly to authorize LCDC to "limit, prohibit *or require* the approval by the local government of applications for subdivisions, partitions or building permits * * *." Or Laws 1983, ch 827, § 58. (Emphasis supplied.) Although that amendment does not affect the validity of the order on review, it appears to authorize the requirement in question.

since its inception in 1973. Originally, LCDC was required to prescribe, and had authority to administer, comprehensive plans and implementing ordinances in the interim pending acknowledgment, if the local jurisdiction's plan was not in compliance by a certain date. *Former* ORS 197.325, *repealed by* Or Laws 1977, ch 664, § 42. It appears that originally LCDC had authority to function as the governing body in approving or denying applications for building permits and making other land use decisions.

In 1977, ORS 197.325 was repealed, withdrawing LCDC's authority to prescribe and administer the plans and regulations, and was replaced by ORS 197.320(4), which conferred authority to "require that [land conservation and development actions] not be taken or allowed" if it would be contrary to the public interest to allow their continuation pending acknowledgment. ORS 197.320(4) was amended in 1981 to provide that, if the same condition was met, LCDC may "limit or prohibit the approval * * * of application for subdivisions, partitions or building permits," and to impose some additional restraints not relevant here. The point is that LCDC had authority at one time, if the local authority failed to adopt a comprehensive plan, to require both the approval and denial of applications for building permits, or to take that action itself, but that authority has been withdrawn. It may now only limit or prohibit that action under subsection (4), may withhold grant funds from the local government under subsection (5) and may maintain legal proceedings under subsection (6) to enforce compliance with its order. Accordingly, the order is modified to delete the last paragraph of part 4(b)(1) of its order *(see* n 6, *supra),* requiring petitioner to approve designated building permit applications pending acknowledgment. ORS 197.320(3)(c).

■ Finally, petitioner correctly points out that the enforcement order is invalid to the extent that it requires petitioner to plan for a particular housing mix, because LCDC had no authority to order that. *See City of Happy Valley v. LCDC, supra,* n 1, *supra.*

The enforcement order is modified to delete the last paragraph of part 4(b)(1) and the last sentence of part 2, requiring it to plan for a particular housing mix. Affirmed as modified.