On respondent Employment Relations Board's reconsideration filed January 26 and petitioner Department of Commerce's reconsideration filed February 28, reconsiderations granted; former opinion (61 Or App 165, 656 P2d 361) adhered to March 30, petitions for review denied November 1, 1983 (295 Or 841)

PAYNE,
*Respondent,*
*v.*
DEPARTMENT OF COMMERCE,
Building Codes Division,
*Petitioner,*
EMPLOYMENT RELATIONS BOARD,
*Respondent.*

(1294; CA A24178)

661 P2d 119

J. Michael Alexander and Brown, Burt, Swanson, Lathen, Alexander & McCann, Salem, for petition for Employment Relations Board.

Dave Frohnmayer, Attorney General, Stanton Long, Deputy Attorney General, William F. Gary, Solicitor General, Christine L. Dickey, Assistant Attorney General, and Jan Peter Londahl, Assistant Attorney General, Salem, for petition for Department of Commerce.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner Employment Relations Board (ERB) seeks Supreme Court review of our decision in this case, *Payne v. Department of Commerce,* 61 Or App 165, 656 P2d 361 (1982), on the ground that, while it may be correct in result, the opinion misstates the extent of the ERB's authority to review personnel actions of state agencies. Petitioner Department of Commerce, Building Codes Division (Division), also seeks Supreme Court review of our decision, asking (1) clarification of our opinion as it affects ERB's authority to review personnel actions, (2) reversal of our holding that the Division's pretermination notice was insufficient to meet the requirements of due process and (3) reconsideration of the cases on which this court relied in determining the extent of the improperly terminated employe's remedy. We treat both petitions as seeking reconsideration. ORAP 10.10. We grant both and adhere to our former opinion.

The facts underlying this case are adequately stated in our previous opinion. We there held that Payne's dismissal from the classified service was constitutionally improper due to inadequate notice of the charges against him. In so holding we affirmed an ERB ruling that achieved the same result, but we specifically rejected the Board's rationale, *i.e.,* that the dismissal must be set aside because the notice was inadequate to meet the requirements of a personnel rule. We said:

"In setting aside the dismissal on the basis of violation of a rule in the present case, ERB noted in footnote 22 [(actually, as the ERB points out, footnote 20)] of its opinion:

" 'Our conclusions on the notice issue may well exalt form over substance. Mr. Payne clearly admitted the acts complained of, and just as clearly those acts warrant dismissal. Moreover, it is difficult to see how Payne was actually harmed by respondent's failure to provide more specific notice (*i.e.,* comply with the rule). * * * Nevertheless, we do not believe that noncompliance with a rule intended to afford "due process" notice can be ignored on the basis that such noncompliance was ultimately not shown to be prejudicial. * * *' (Citations omitted.)

"As a matter of policy, ERB's statement may or may not have been correct; we are not called to pass on that question. What it failed to observe, however, was the limitation on its own authority. An agency may not act outside its statutory authority. *Board of Comm. of Clackamas County v. LCDC,* 35 Or App 725, 582 P2d 59 (1978). *ERB is not statutorily authorized to set aside a dismissal for failure of the dismissing agency to comply with a personnel rule.* Therefore, its action here, on the basis it asserted, was outside its authority and improper. There remains, however, the question of whether the action may be sustained on another ground." 61 Or App at 174. (Emphasis supplied.)

It is the emphasized portion of the foregoing quotation which ERB challenges and the Division asks be clarified.

■       An agency may only act within the scope of its statutory authority. *Sunshine Dairy v. Peterson,* 183 Or 305, 193 P2d 543 (1948); *Clackamas County v. LCDC, supra.* ERB's authority to review personnel actions such as Payne's dismissal is found in ORS 240.560, which provides, in pertinent part:

"(1)   A regular employe who is reduced, dismissed, suspended or demoted, shall have the right to appeal to the board * * *.

"(2)   The hearing shall be conducted as provided for a contested case in ORS 183.310 to 183.550.

"(3)   If the board finds that the action complained of was taken by the appointing authority for any political, religious or racial reasons, or because of sex, marital status or age, the employe shall be reinstated to his position and shall not suffer any loss in pay.

"(4)   In all other cases, *if the board finds that the action was not taken in good faith for cause,* it shall order the immediate reinstatement and the reemployment of the employe in his position without the loss of pay. The board in lieu of affirming the action, may modify it by directing a suspension without pay for a given period, and a subsequent restoration to duty, or a demotion in classification, grade or pay. * * *" (Emphasis supplied.)

In our original opinion in this case, we concluded that the emphasized language of ORS 240.560(4) was not so broad as to permit setting aside a dismissal for violation of a personnel rule. 61 Or App at 173-74. In other words, we held that the failure to conform Payne's pretermination

notice to the requirements of Personnel Rule 81-605 could not serve as a basis for a finding that the challenged personnel action "was not taken in good faith for cause." ERB urges that this conclusion reads its authority too narrowly. It argues:

> "As ERB argued to the Court of Appeals, its action in this case was taken pursuant to both ORS 240.086(1) and 240.560. In particular, the former statute states that one of the duties of the Board shall be to
>
> > " '(r)eview any personnel action affecting an employee * * * that is alleged to be contrary to *rule* or law, * * * and *set aside* such action if it finds these allegations to be correct.' (Emphasis added)
>
> "In this case both the Board and the Court of Appeals found that the pre-dismissal notice violated a specific Personnel Division rule. Therefore, ERB was not only authorized but also directed to set aside the action taken by the Department of Commerce. The Court of Appeals was clearly wrong in stating that no such statutory authority existed, a decision at odds with its prior opinion in *Paul v. Personnel Div.,* 28 Or App 603, 608, 560 P2d 293 (1977).
>
> "In addition, ORS 240.560, when properly read in conjunction with ORS 240.086(1) and pertinent case law, supports ERB's position. ORS 240.560(4) authorizes the Board to reinstate a dismissed employee if the employer's '* * * action was not in good faith for cause * * *.' 'Cause', as used in such statute, means '* * * sufficient cause proven upon a hearing *after reasonable notice.'* Therefore, in a case such as this, where a rule is violated which realates to notice required prior to dismissal, the employer would thereafter lack sufficient cause for its action, and ERB could set aside such action and reinstate the employer [sic] pursuant to both 240.086(1) and 240.560(4), if not under either." (Footnotes omitted.) (Emphasis in original.)

The statute on which ERB relies for its authority in this case is ORS 240.086(1), which provides:

> "The duties of the board shall be to:
>
> "(1) *Review any personnel action affecting an employe,* who is not in a certified or recognized appropriate collective bargaining unit, *that is alleged to be* arbitrary *or contrary to law or rule,* or taken for political reason, and set aside such action if it finds the allegations to be correct.
>
> "* * * * *" (Emphasis supplied.)

■ ORS 240.086(1) is a broadly-stated statutory direction to ERB to ensure adherence to the full range of personnel rules which apply to the testing, selection and promotion of employes in the classified service. *See, e.g., Paul v. Personnel Div.,* 28 Or App 603, 560 P2d 293 (1977) (review of Personnel Division's placement of an applicant for state employment on an eligibility list). On the other hand, ORS 240.560(4)—the statute which specifically authorized ERB's review of this dismissal—is a specific statute of more limited scope. Assuming (without deciding) that a termination is a "personnel action affecting an employe" under ORS 240.086(1), we nonetheless conclude that the more specific statute (ORS 240.560(4)), including the remedies it provides, governs over the general.[1] *See* ORS 174.020.

Our disposition of ERB's argument also adequately addresses the Division's arguments on the same subject. We turn to the Division's two remaining points.

■ The Division argues that we erred in our holding that its pretermination notice to Payne was insufficient to comply with the requirements of due process. We adhere to the view expressed in our former opinion.

Finally, the Division argues that, with respect to the scope of the *remedy* to which an improperly-terminated member of the classified service is entitled, the two principal Oregon Supreme Court cases upon which we relied in our former opinion — *Hammer v. OSP,* 276 Or 651, 556 P2d 1348 (1976), *vacated* 434 US 945, 98 S Ct 469, 54 L Ed 2d 306 (1977), *aff'd on remand* 283 Or 369, 583 P2d 1136 (1978) and *Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1976)—are wrongly decided. We agree—but there just is nothing that this court can do about that. The Division's argument on this score is commended to the attention of the Supreme Court.

Petitions for reconsideration granted; former opinion adhered to.

---

[1] ERB itself appears to recognize the correctness of our holding because, as noted above, it attempts to read the phrase "contrary to the rule or law" in ORS 240.086(1) into the word "cause" in ORS 240.560. Were we to do that, we would be rewriting the statute. If ERB wants this broader authority under ORS 240.560, it must apply to the legislature.