Argued and submitted July 1, reversed and remanded for reconsideration
August 10, 1994

Loy KNUTZEN,
*Respondent,*

*v.*

DEPARTMENT OF INSURANCE
AND FINANCE,
Oregon Occupational Safety
and Health Division,
*Petitioner.*

(MA-13-92; CA A80869)

879 P2d 1335

Harrison Latto, Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Susan R. Pease waived appearance for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

The Department of Insurance and Finance (DIF)[1] petitions for review of an Employment Relations Board (ERB) order that set aside DIF's removal of an employee from the management service. We reverse and remand.

Petitioner below, Loy Knutzen (petitioner), began working for a division of DIF in 1980. Three years later, he was appointed to a management service position. He remained in the management service although his specific job assignment changed. In 1992, the governor directed DIF to reduce its work force by 45 positions as part of a state-wide reduction. In late February or early March, 1992, the director of DIF instructed petitioner's division administrator to eliminate nine management service positions. At that time, DIF had a policy establishing general criteria to be considered in the lay off of management service employees. On March 5, 1992, while administrators were deciding which management positions would be eliminated, DIF revised its management service lay off policy. The revised policy established a 12-step procedure to be followed when management service employees were laid off as a consequence of reorganization. However, neither the original nor revised policy was followed to determine which DIF management positions were to be eliminated. On March 18, petitioner received notice that his position would be eliminated. He received formal written notice on September 14, 1992, that he would be "laid off."[2] Petitioner was restored to a classified position when his management service position was eliminated.

Petitioner appealed the decision to eliminate his management position to the Executive Department. It upheld DIF's decision. He then appealed to ERB arguing, among other things, that DIF's failure to follow the established management service lay off policy and procedure violated

---

[1] DIF has since been renamed the Department of Consumer and Business Services. *See* ORS 656.005(9).

[2] The notice informed petitioner that he would be "laid off" from his management service position effective September 30, 1992, but that he could also elect to take a lower "classified" position for which he was qualified within the agency. Although petitioner elected to take the "classified" position, we refer to DIF's action as a "lay off" for ease of discussion.

ORS 240.570.[3] ERB, acting on its authority to review personnel actions under ORS 240.086(1), found that the policy and procedure had not been properly followed, and ordered DIF to restore petitioner to his former management service position, without loss of pay.

DIF petitioned for judicial review. It argues that ERB lacked authority to review and set aside petitioner's removal from the management service, because the position was eliminated in a reorganization. According to DIF, ERB's review of such a decision is limited by ORS 240.560(4) to whether the lay off was ordered "in good faith for cause."[4]

■    An agency may act only within the scope of its statutory authority. *Sunshine Dairy v. Peterson, et al*, 183 Or 305, 193 P2d 543 (1948); *Board of Comm. of Clackamas County v. LCDC*, 35 Or App 725, 582 P2d 59 (1978). ERB receives its statutory authority from ORS chapter 240, the State Personnel Relations Law. Its general duties are stated in ORS 240.086, which provides, in part:

> "The duties of the board shall be to:
>
> "(1)   Review any personnel action affecting an employee, who is not in a certified or recognized appropriate collective bargaining unit, that is alleged to be arbitrary or *contrary to law or rule*, or taken for political reason, and set aside such action if it finds these allegations to be correct.
>
> "* * * * *
>
> "(3)   Adopt such rules or hold such hearings as it finds necessary to perform the duties, functions and powers imposed on or vested in it by law." (Emphasis supplied.)

ERB also has a more specific role as a quasi-judicial appeal board. Its authority in that role is found in ORS 240.560, which provides, in part:

> "(1)   A regular employee who is reduced, dismissed, suspended or demoted, shall have the right to appeal to the board * * *.
>
> "* * * * *

---

[3] Petitioner also claimed that DIF discriminated against him by removing him from his position because of his age and medical condition. ERB did not consider petitioner's discrimination claim in its order.

[4] Petitioner did not file a brief in response to DIF"s petition for review.

"(3)   If the board finds that the action complained of was taken by the appointing authority for any political, religious or racial reasons, or because of sex, marital status or age, the employee shall be reinstated to the position and shall not suffer any loss in pay.

"(4)   In all other cases, if the board finds that the action *was not taken in good faith for cause*, it shall order the immediate reinstatement and the reemployment of the employee in the position without the loss of pay." (Emphasis supplied.)

In *Payne v. Department of Commerce*, 61 Or App 165, 656 P2d 361 (1982), *on recon* 62 Or App 433, 661 P2d 119, *rev den* 295 Or 841 (1983), *cert den* 470 US 1083 (1985), we held that ERB's scope of review under ORS 240.560(4) is limited to whether an action was taken "in good faith for cause." We rejected the argument that ORS 240.560(4) gives ERB the authority to set aside or modify a personnel action that is in violation of a personnel rule.

This case requires us to determine whether ORS 240.086(1) or ORS 240.560 controls ERB's authority to review lay offs in the management service.

The public employee category of "management service" was created by the legislature in 1981. Or Laws 1981, ch 409. It was added to the existing categories of "classified" (ORS 240.210), "unclassified" (ORS 240.205), and "exempt" (ORS 240.200) employees. The management service is a hybrid of the classified and unclassified services: The legislature placed management service employees in a special status similar to unclassified employees, but gave them some of the protections enjoyed by classified employees. For example, Oregon Laws 1981, chapter 409, section 3, amended ORS 240.240 to exempt management service employees from application of the State Personnel Relations Law. ORS 240.240(1) provides that "[t]he unclassified service or, except as provided in ORS 240.250, *the management service shall not be subject to this chapter*[.]"[5] (Emphasis supplied.) At the same time, however, Oregon Laws 1981, chapter 409, section 4, amended ORS 240.570 to give management service

---

[5] ORS 240.240 also contains exceptions for the application of "laws, rules and policies" pertaining to leave with pay and salary plans. Those exceptions are not applicable to this case.

employees rights that unclassified employees do not possess. ORS 240.570 provides:

"(1)  Positions in the * * * management * * * services may be filled by classified employees. After * * * removal from the management service, for reasons other than specified in ORS 240.555, an employee may be restored to a position held in the same agency and service prior to appointment to the * * * management * * * services. To be restored, the employee must meet position qualifications and shall be subject to agency collective bargaining contracts when applicable.

"(2)  An appointing authority may assign, reassign and transfer management service employees for the good of the service and may remove such employees from the management service due to reorganization or lack of work.

"(3)  A management service employee is subject to a trial service period established pursuant to rules of the division under ORS 240.250. Thereafter, management service employee may be disciplined by reprimand, salary reduction, suspension or demotion or removed from the management service if the employee is unable or unwilling to fully and faithfully perform the duties of the position satisfactorily.

"(4)  *Employees who are assigned, reassigned, transferred or removed, as provided in subsection (2) of this section,* and employees who are disciplined or removed from the management service for the reasons specified in subsection (3) of this section *may appeal to the board in the manner provided by ORS 240.560.*

"(5)  Management service employees with immediate prior former regular status in the classified service may be dismissed from state service only for reasons specified by ORS 240.555 and pursuant to the appeal procedures provided by ORS 240.560." (Emphasis supplied.)

On their face and read together, ORS 240.240(1) and ORS 240.570 are contradictory. ORS 240.240(1) exempts management service employees from chapter 240, while ORS 240.570 provides appeal rights to management service employees who are assigned, reassigned, transferred or removed. ERB's response to that contradiction was to declare that ORS 240.240 "obviously cannot be given literal effect." It then exercised its authority to review personnel decisions under ORS 240.086(1) and concluded that DIF improperly failed to follow its lay off policy in removing petitioner.

ERB's application of ORS 240.086(1) fails to give effect to ORS 240.240. Its approach violates another principle of construction to be applied in the first level of statutory analysis: "[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).

■ In interpreting a statute, the court's task is to discern the intent of the legislature. ORS 174.020. The text of ORS 240.240 reveals a clear and unambiguous intent to exclude management service employees from the application of ORS chapter 240. However, other provisions of ORS chapter 240, (*e.g.*, ORS 240.195, ORS 240.212, ORS 240.250 and ORS 240.570), reveal an equally clear and unambiguous intent that they apply to management service employees because they make specific reference to that class of employee. Within the context of the legislature's actions during the 1981 session, the only reasonable construction is that the legislature intended the general exclusion of ORS 240.240 to contain the specific proviso, "except where specifically made applicable." ORS 240.570 is one of the provisions that is specifically made applicable to management service employees. ORS 240.086, on which ERB relied, is not.

Our construction gives effect to all of the statutes enacted and amended by Oregon Laws 1981, chapter 409. It resolves the contradiction between ORS 240.240 and ORS 240.570 while preserving the limited application of ORS chapter 240 that the legislature intended.[6]

■ ORS 240.570(4) is the only part of ORS chapter 240 that specifically makes ERB review applicable to management service employees. It provides that management service employees may appeal to ERB only "in the manner provided for in ORS 240.560." That authority does not include setting

---

[6] Although the rules of statutory construction do not require resort to legislative history in this context, that history confirms our conclusion that the legislature did not intend that management service employees be subject to the State Personnel Relations Law. Rather, it intended them to use the appeal process contained in ORS 240.560. *See* Minutes, Senate Committee on Governmental Activities, February 23, 1981, pp 2-5, Exhibits A, E and F; Minutes, State & Federal Affairs Committee, June 23, 1981, p 2, Exhibit B.

aside or modifying a personnel action for violation of a personnel rule. *Payne v. Department of Commerce, supra*, 61 Or App at 174. ERB's order is reversed and remanded for a determination whether petitioner was "laid off" in violation of ORS 240.560.

Reversed and remanded for reconsideration.